# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **TIFFANY L. NOELS,** | * | |
| **Appellant,** | * | |
| v. | | **Case No.: 18-746** |
| | * | |
| **NANCY SPENCER GRIGSBY,** | | |
| **Chapter 13 Trustee** | | |
| | * | **Bankruptcy Case No. : 16-25654** |
| **Appellee** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Debtor-appellant Tiffany Noels appeals from an order issued by the United States Bankruptcy Court for the District of Maryland on February 26, 2018 denying her motion to reconsider. ECF No. 1. No hearing is necessary. Fed. R. Bankr. P. 8019; *see also* Loc. R. 105.6 (D. Md. 2016). Because the Court finds the appeal to be moot, it will be dismissed.

Appellant Noels owned a home in Prince George's County ("the Property") that was recently the subject of a foreclosure action in the Circuit Court of Maryland for Prince George's County. ECF No. 5 at 5–6. Noels entered into a loan modification agreement with her mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen"). *Id.* Noels claims that through this agreement she received a "predatory mortgage loan." *Id.* at 6. She defaulted on her mortgage and Ocwen initiated the foreclosure proceeding on February 10, 2016. *BSPLLC vs Noels,* CAEF16-04126, docket (last visited October 16, 2018).

After the Circuit Court denied Noels's Motion to Dismiss the Foreclosure Action on July 25, 2016, Noels filed a Petition for Bankruptcy in the U.S. Bankruptcy Court for the District of Maryland, Case No. 16-25654-WIL, which temporarily stayed the Foreclosure Action. Noels

Case 16-25654   Doc 139   Filed 12/04/18   Page 2 of 6

filed a Chapter 13 Plan on April 17, 2017, proposing to pay "$1 per month for a term of undetermined months" and noting in the margin that the "alleged debt is emphatically disputed" and that a "Ruling upon Adversary Complaint" would "determine validity, owner, priority, extent of alleged debt." ECF No. 3-10 at 1. On August 24, 2017, the Bankruptcy Court granted a motion for relief from the automatic stay filed by the Creditor, allowing the foreclosure proceedings to continue in the Circuit Court.

Noels moved for the Bankruptcy Court to reconsider this order on September 19, 2017, arguing that the loan modification agreement, which the Creditor relied on to move for the liftstay, was void under the terms of the agreement and Maryland law. ECF No. 2-28 ¶ 3–6.  The Bankruptcy Court denied Noel's Motion to Reconsider on October 19, 2017. Noels then filed an objection to the Proof of Claim related to the Property and the loan modification agreement. ECF No. 5 at 7. In her objection, Noels again argued that the agreement was void under the terms of the loan modification contract and Maryland law. ECF No 3-32 at ¶ 12, 16. Noels claimed that "[a]t this juncture, since the Agreement is void, and the terms and conditions of the promissory note are not applicable, the Agreement is not enforceable against the Debtor." ECF No. 3-32 ¶ 15. Noels also argued that the Proof of Claim did not comport with Fed. R. Bankr. P. 3001(f). ECF No. 3-32 ¶ 18.The Bankruptcy Court denied confirmation of Noels's Chapter 13 plan without leave to amend on December 5, 2017 and ordered that the case would be dismissed without further notice or hearing if it had not been converted to another chapter or voluntarily dismissed within fourteen days. ECF No. 3-40. Noels filed a Motion for Reconsideration on December 19, 2017, ECF No. 3-43, which the Bankruptcy Court denied on January 8, 2018, ECF No. 3-48.

On February 6, 2018, the Bankruptcy Court dismissed Noels's Chapter 13 action. ECF No. 3-49. Noels moved for reconsideration, ECF No. 3-52, which the Bankruptcy Court denied on February 26, 2018, ECF No. 3-54. Noels noticed this appeal on March 13, 2018 and the Designation of Record was docketed on April 13, 2018. ECF No. 3. Noels then filed her Appellant's brief untimely on May 22, 2018.[1] Appellee did not respond.

Noels appeals the Bankruptcy Court's decision hoping to be afforded "an opportunity to fashion a Chapter 13 plan, reinstate the automatic stay, and prevent the foreclosure sale of her home." ECF No. 5 at 13.

Meanwhile, the Property was sold at a foreclosure sale and the Circuit Court ratified the sale on March 28, 2018. *BSPLLC vs Noels,* CAEF16-04126, docket (last visited October 16, 2018). Noels filed a Motion to Vacate the ratification order and the Circuit Court denied that motion on September 27, 2018. *Id.*

The Court "may dismiss a bankruptcy appeal if it appears that the case has become either constitutionally or equitably moot." *Walker v. Grigsby*, No. CIV.A.AW-06-62, 2006 WL

---

[1] Bankruptcy Rule 8018 requires Appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." *See* Fed. R. Bankr. P. 8018(a)(1). The Designation of Record was docketed on April 13, 2018. ECF No. 3. However, Appellant did not file her brief until May 22, 2018, more than 30 days later. Local Rule 404.3 permits the Court to dismiss an appeal for non-compliance with Bankruptcy Rule 8018 "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." *See* Loc. R. 404.3 (D. Md. 2016). Because Appellees did not respond and because this appeal is being dismissed on other grounds, the Court has not asked Noels to explain the late filing. The Court notes, however, that Appellant's failure to comply with Bankruptcy Rule 8018, "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, No. RWT 14-CV-0626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (discussing failure to follow procedural rules in a bankruptcy appeal). This burden is particularly acute where, as here, the late filer filed multiple motions for reconsideration before the Bankruptcy Court, which did not raise new arguments but did delay proceedings. In addition to filing repetitive motions for potentially dilatory purposes, Noels filed a separate complaint in this Court alleging that Ocwen violated state and federal law as it handled her loan modification. *Noels v. Ocwen Loan Servicing, LLP*, No. GJH-17-3. Ultimately, that case involved the same dispute that was before the Circuit Court and the same claim underlying Noels's objection to the bankruptcy Proof of Claim: Noels's view that the loan modification agreement was void and unenforceable. *Id.* In this context, Noels's untimely filing is especially burdensome on the Court's docket.

Case 16-25654 Doc 139 Filed 12/04/18 Page 4 of 6

4877450, at \*2 (Bankr. D. Md. Apr. 11, 2006). Under the doctrine of constitutional mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983). Thus, federal courts must refrain from rendering judgments that would amount to mere "advisory opinions." *See Williams v. Johnson*, 386 F. Supp. 280, 283 (D. Md. 1974) (citing *Muskrat v. United States*, 219 U.S. 346 (1911)). To survive a challenge of mootness, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Society*, 464 U.S. at 70. Accordingly, an appeal must be dismissed as moot when "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

Where a debtor-appellant seeks to reverse a bankruptcy court in order to reinstate a stay or prevent a foreclosure sale but the sale has already been ratified, the appeal is moot. *See In re March*, 988 F.2d 498, 499 (4th Cir. 1993) (citing *In re Sullivan Central Plaza, I, Ltd.,* 914 F.2d 731, 733 (5th Cir. 1990) ("If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); *In re Lashley,* 825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal.").

Case 16-25654   Doc 139   Filed 12/04/18   Page 5 of 6

In *Enweze v. Bayview Loan Servicing, LLC*, a case decided by this Court, a debtor sought to reinstate a stay, which a bankruptcy court lifted because the debtor's home had been sold at a foreclosure proceeding, leading the bankruptcy court to conclude that the property was no longer part of the debtor's assets. No. BR 15-26859, 2017 WL 530439, at *2 (D. Md. Feb. 7, 2017). During the liftstay period, a state court ratified the foreclosure sale, and the debtor simultaneously appealed the bankruptcy court's decision to this Court. *Id.* This Court held that because it was undisputed that the debtor's property had been sold at a foreclosure sale and that in the aftermath of the bankruptcy court's decision the sale had been ratified, the bankruptcy appeal was moot. *Id.*

As in *Enweze,* Noels's injury cannot be redressed by a favorable judicial decision. Noels asks that the Bankruptcy Court's order dismissing her Chapter 13 be reversed so that she is "afford[ed] an opportunity to fashion a Chapter 13 plan, reinstate the automatic stay, and prevent the foreclosure sale of her home." However, Noels's Property has already been sold at a foreclosure auction and the sale has now been ratified by the Circuit Court. *BSPLLC vs Noels,* CAEF16-04126, docket (last visited October 16, 2018).

Noels would also like this Court to find that the Bankruptcy Court erred by failing to rule on her Objection to the Proof of Claim, however this is also no longer live. Because Noels's home was sold at a foreclosure auction and the sale was ratified by the Circuit Court, Noels no longer has an interest in the Property and would thus no longer be able to object to the Proof of Claim. As Appellant acknowledges, "[o]nly an interested party can challenge the validity of the proof of claim." ECF No. 5 at 11 (citing 11 U.S.C. § 502). Noels no longer qualifies as such an interested party.

Additionally, Noels's primary argument—that the Bankruptcy Court erred by failing to recognize the loan modification agreement as void—has already been adjudicated by the Circuit Court. "The law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." *Manigan v. Burson*, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004) (citation omitted). To ratify the sale, the Circuit Court had to determine that it comported with Maryland law, meaning it necessarily decided that the underlying loan agreement was enforceable and not void under Maryland law. To the extent that that Noels claims that a Maryland state court incorrectly ratified the sale, "federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts." *Sanders v. Cohn, Goldberg, & Deutsch, LLC*, Civil Action No. DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016).

For the foregoing reasons, the appeal is dismissed as moot. A separate Order shall issue.


Date: <u>December 4, 2018</u>                                   _____/s/_____
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

6